# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA STOCKWELL,<br><br>　　　　Plaintiff,<br>　vs.<br><br>UNITED STATES, et al.,<br><br>　　　　Defendants. | CASE NO. 11cv1807-LAB (WMc)<br><br>**ORDER GRANTING UNITED STATES' MOTION TO DISMISS; AND**<br><br>**ORDER OF REMAND** |

This case was originally filed in the Superior Court of California for the County of San Diego, then removed to this Court on August 12, 2011. Although the case brings medical malpractice claims over which this Court ordinarily would lack jurisdiction, claims against two Defendants, Vista Community Clinic ("VCC") and Dr. Michael MacMurray, arise under federal law. Because the VCC is federally-funded, it falls under the Federally Supported Health Centers Assistance Act of 1992 and is subject to the Public Health Service Act, 42 U.S.C. § 233. Under the Public Health Service Act, Dr. Michael MacMurray is likewise deemed a federal employee. Claims originally brought against VCC and MacMurray therefore arise under the Federal Tort Claims Act (FTCA), though claims against other Defendants arise under state law. Because neither VCC nor MacMurray is a proper Defendant, and the United was substituted as Defendant in their place. (Docket no. 2.)

/ / /

Under the FTCA, a Plaintiff is required to exhaust her claims administratively before filing suit. Plaintiff Donna Stockwell, however, did not begin to exhaust her administrative remedies until shortly before this action was removed. The United States therefore moved to dismiss the claims she brought against it (originally brought against VCC and MacMurray) for failure to exhaust.

Stockwell filed her opposition, argued she *had* exhausted her administrative remedies, and cites the Westfall Act, 28 U.S.C. §§ 2671 *et seq.*, which she says provides a procedure for a claimant to follow if she initially files her FTCA claim in the wrong forum. In particular, she cites 28 U.S.C. § 2679(d)(5). This section, however, deals with statutes of limitations, and extends the limitations period. In particular, it provides that when a case where the United States was substituted as the party defendant is dismissed for failure to exhaust, such a claim will be deemed timely presented if it would have been timely on the date the underlying civil action was filed, provided that the claim is presented to the appropriate federal agency within sixty days after the civil action is dismissed. In other words, this section does contemplates that the civil action *will* be dismissed for failure to exhaust, but provides some relief to a plaintiff under those circumstances. It does not provide, as Stockwell argues, that non-exhaustion is excused. Nor does it provide that merely filing the claim constitutes exhaustion.

Because Stockwell did not exhaust her claims before filing suit, her claims against the United States are barred, at least in this action as it now stands. *See* 28 U.S.C. § 2675(a). *See also Benoit v. U.S. Dept. of Agriculture*, 608 F.3d 17, 20–21 (D.C. Cir., 2010) (holding that suits for damages against the U.S. are barred by sovereign immunity unless the claimant exhausts administrative remedies before filing suit). Dismissal of these claims is therefore required.

Stockwell goes on to contend that, if the United Sates are dismissed because of non-exhaustion, the action should be remanded. Under 28 U.S.C. § 1367(a) and (c), the Court may decline to exercise supplemental jurisdiction over state law claims if, as here, it has dismissed all claims over which it has original jurisdiction. Where, as here, dismissal occurs

before trial, declining to exercise jurisdiction is generally appropriate. *See Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994). This case falls within that general rule.

Claims against the United States (originally brought against VCC and MacMurray) are therefore **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies before filing suit. The Court declines to exercise supplemental jurisdiction over the remaining state-law claims. All pending motions are **DENIED AS MOOT** and all pending dates are **VACATED**. This action is **REMANDED** to the Superior Court of California for the County of San Diego from which it was removed.

**IT IS SO ORDERED**.

DATED: March 7, 2012

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge